# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALLY ORCUTT O/B/O,<br>JIMMY D. ORCUTT,<br><br>        **Plaintiff,**<br><br>v.<br><br>JO ANNE B. BARNHART,<br>**Commissioner, Social Security**<br>**Administration,**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)   CASE NO. CIV-05-320-KEW<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Claimant, Sally Orcutt, on behalf of her husband, Jimmy D. Orcutt, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court REVERSED AND REMANDS the Commissioner's decision.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only

unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias,

---

[1]Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

933 F.2d at 800-01.

## Claimant's Background

Claimant was born on September 27, 1956, and was 42 years old at the time of his initial hearing. He had a high school education. Earlier in his life, Claimant worked as a highway maintenance worker, dump truck driver and construction framer. Claimant alleges an inability to work beginning March 25, 1997, due to insulin dependant diabetes mellitus and diabetic retinopathy. Claimant died on January 17, 2003 and his wife, Sally Orcutt was substituted as claimant on behalf of Mr. Orcutt.

## Procedural History

On June 19, 1997, Claimant first applied for disability benefits under Title II (42 U.S.C. § 401, et seq.). Claimant's application for benefits was denied in its entirety initially and on reconsideration. A hearing before ALJ Lantz McClain was held on August 20, 1998 in Muskogee, Oklahoma. By decision dated September 30, 1998, the ALJ found that Claimant was not disabled at any time through the date of the decision. On July 19, 2000, the Appeals Council denied review of the ALJ's findings. On November 2, 2001, the Social Security Administration reconsidered his claim and determined the beginning date of disability was established as of January 1, 2001.

Mr. Orcutt filed a second claim for benefits under Title II (42 U.S.C. § 401, et seq.) for the period beginning October 1, 1998 to December 31, 2000, the day before his claim was eventually granted seeking a retroactive payment of benefits for this twenty-six month period. He died on January 17, 2003 and his wife, Sally Orcutt was substituted as claimant on behalf of Mr. Orcutt.

A second hearing was held before ALJ Jeffrey S. Wolfe on August 27, 2003 in Tulsa, Oklahoma. By decision dated September 26, 2003, the ALJ found that Mr. Orcutt was not disabled from the period of October 1, 1998 to December 31, 2000. On June 8, 2005, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.1481.

## Decision of the ALJ

The ALJ made his decision at step five of the sequential evaluation. He determined Claimant retained the residual functional capacity (RFC) to perform light, unskilled work. However, when consideration was given to diabetic neuropathy, Claimant would have been limited to sedentary, unskilled work. In the alternative, the ALJ found that Claimant's worsened condition was a direct result of his non-compliance with medical treatment. Therefore, despite Claimant's ability to perform competitive work he was not entitled to disability insurance benefits.

## Review

Claimant asserts that the Commissioner, through the ALJ, erred in (1) failing to make the appropriate determinations at steps 1 through 3 of the sequential evaluation; (2) failing to attribute the appropriate weight to the opinion from the treating physician; (3) failing to make a proper determination at step 5 of the sequential evaluation; (4) failing to perform an appropriate credibility analysis; and (5) exhibiting bias against the Claimant.

Claimant argues that the ALJ erred by failing to discuss any of the first four steps and proceeding to step five of the sequential analysis. Commissioner counters that the ALJ was not obligated to discuss the first steps in the sequential evaluation where the ALJ denied the

4

Claimant's application for benefits on the basis of non-compliance with medical treatment.

In this case, the ALJ found during the period in question Claimant retained the residual functional capacity (RFC) to perform light, unskilled work. When granting consideration to the diabetic neuropathy, Claimant would have been limited to sedentary, unskilled work. Claimant would have been unable to return to his prior work but he would have been able to perform other work which existed in significant numbers within Oklahoma. Alternatively, the ALJ determined that Claimant's allegation of limitations resulted from non-compliance with medical treatment. Thus, he was not entitled to disability insurance benefits as a result of the operation of 20 C.F.R. § 404.1530.

Here, the ALJ has omitted any discussion of the evidence at each of the first four steps of the sequential evaluation. This court is unable to engage in any meaningful appellate review of the determination Claimant retained the RFC to perform sedentary, unskilled work and perform other work in the economy. Thus, the focus of this inquiry is whether the ALJ's determination Claimant's non-compliance with medical treatment precluded eligibility for disability benefits.

It is well-established that social security benefits may be denied when a claimant fails, without good reason, to follow prescribed medical treatment. However, the evidence must show that the prescribed medical treatment would have restored a claimant's ability to work. See: 20 C.F.R. § 404.1530 (1985). The denial of benefits for failure to follow treatment requires an ALJ to make findings of fact concerning whether the treatment would have restored the ability to work, whether the treatment was prescribed, whether the treatment was refused and whether the treatment was justified. Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987).

The ALJ's decision contains a detailed discussion of the medical evidence in the record as well as testimony from Claimant's wife reflecting that Claimant was periodically non-compliant with medical treatment. The ALJ relied on the testimony from the medical examiner, Dr. Krishnamurthi, to support his conclusion that if Claimant had complied with prescribed medical treatment, his ability to work would have been restored. The question for this court is whether the ALJ's determination is supported by substantial evidence. After a thorough review of the evidence, this court concludes that the ALJ's determination Claimant would have retained the ability to work if he had been compliant with medical treatment is not supported by substantial evidence. The ALJ impermissibly relied on the opinion from a non-treating physician without attributing the appropriate weight to the opinion from the treating physician to reach this conclusion.

Dr. Jack Aldridge was Claimant's treating physician from 1989 until his death in 2003. On August 25, 2003, Dr. Aldridge opined that Claimant had been totally disabled from March 27, 1997. He stated that Claimant was an insulin-dependent diabetic who had significant trouble controlling his glucose levels. Although his diabetes was exacerbated by episodes of noncompliance, he still experienced severe fluctuations in his blood glucose even when he made every effort to bring his glucose levels under control. (Tr. 593)

Treating physicians' opinions are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques." Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004). If the opinion is supported by such established techniques, the ALJ must then "confirm that the opinion is consistent with other substantial evidence in the record." Id. If the opinion is deficient in either respect, it is not entitled to

6

controlling weight.  Id. citing Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  If an ALJ chooses to reject a treating physician's assessment, he may not "make speculative inferences from medical reports and may reject the treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."  McGofffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002).

Here, the ALJ exhaustively discussed the medical records from Dr. Aldridge and other physicians to support his conclusion that the Claimant was non-complaint with medical treatment.  However, the ALJ wholly failed to include any discussion of the portion of Dr. Aldridge's opinion that Claimant was unable to control his glucose levels even when fully compliant.   Thus, the ALJ's failure to attribute the appropriate weight to the opinion from the treating physician is not supported by substantial evidence.

As this case is remanded for further proceedings, other issues raised by the Claimant as error have not been discussed.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED AND REMANDED for further administrative proceedings as set forth herein.

DATED this 5th day of June, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE